UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL ATKINS,

                              Plaintiff,

                                                                                                             9:11-CV-0366
v.                                                                                                       (GTS/DEP)

D. MENARD, Sergeant, Clinton Corr. Facility;
B. HAYES, Corr. Officer, Clinton Corr. Facility;
RUSSELL, Corr. Officer, Clinton Corr. Facility;
L. MARTIN, Officer, Clinton Corr. Facility;
MOAK, Officer, Clinton Corr. Facility;
ALLEN, Lieutenant, Clinton Corr. Facility;
and JOHN DOES 1-4;

                            Defendants.
_____

APPEARANCES:                                                     OF COUNSEL:

MICHAEL ATKINS, 04-A-1965
  Plaintiff, *Pro Se*
Mohawk Correctional Facility
6514 Route 26
P.O. Box 8451
Rome, New York 13440

HON. ERIC T. SCHNEIDERMAN                  CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMROANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Michael

Atkins ("Plaintiff") against the ten above-captioned New York State correctional employees

("Defendants"), are the following: (1) Defendants' motion for partial summary judgment seeking

dismissal of Plaintiff's failure-to-protect claim against Defendant Allen due to Plaintiff's failure to exhaust his available administrative remedies before filing that claim (Dkt. No. 34); and (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted (Dkt. No. 41). No objections have been filed to the Report-Recommendation, and the deadline by which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted.

I.      **RELEVANT BACKGROUND**

Generally, construed with the utmost of special liberality, Plaintiff's Complaint alleges that, on July 18 and July 21, 2008, while Plaintiff was incarcerated at Clinton Correctional Facility, Defendants violated his rights under the Eighth Amendment by (1) using excessive force against him, and (2) failing to protect him from the use of excessive force. (*See generally* Dkt. No. 1, at ¶ 6.) For a more detailed recitation of the factual allegations giving rise to Plaintiffs' claims, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Peebles' Report-Recommendation, which accurately recites those factual allegations. (Dkt. No. 1; Dkt. No. 41, at Part 1.)

Generally, in their motion for partial summary judgment, Defendants argue that the Court should dismiss Plaintiff's failure-to-protect claim against Defendant Allen due to Plaintiff's failure to exhaust his available administrative remedies before filing that claim. (Dkt. No. 34.) More specifically, Defendants present evidence that (1) Plaintiff filed no grievance with respect to Defendant Allen's alleged failure to protect him on July 21, 2008, and/or (2) Plaintiff appealed that grievance to the Superintendent and the Central Office Review Committee. (*Id.*)

Generally, in his response in opposition to Defendants' motion, Plaintiff argues that (on July 22, 2008) he submitted a grievance with respect to incident on July 21, 2008, but that prison officials (other than Defendant Allen) thwarted the processing of that grievance through tampering with Plaintiff's mail. (Dkt. No. 38.)

Generally, in his Report-Recommendation, Magistrate Judge Peebles recommends that Defendants' motion for partial summary judgment be granted for the following two reasons: (1) Plaintiff's assertion that he submitted a grievance regarding the incident on July 21, 2008, is neither notarized nor properly sworn pursuant to 28 U.S.C. § 1746; and (2) in any event, even if Plaintiff's assertion had the force and effect of sworn testimony, it would be insufficient to create a genuine dispute of material fact due to the exception to the rule against making credibility determinations on motions for summary judgment, set forth in *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005). (Dkt. No. 41, at Part III.B.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.     Standard of Review Governing a Motion for Summary Judgment**

In his Report-Recommendation, Magistrate Judge Peebles accurately recites the legal standard governing motions for summary judgment.  (Dkt. No. 34, at Part III.A.)  As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

---

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III.   ANALYSIS

Because Plaintiff did not submit an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described above in Section II.A. of this Decision and Order.  After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 34)  As a result, Magistrate Judge Peebles' Report-Recommendation recommending dismissal of Plaintiff's failure-to-protect claim against Defendant Allen is accepted and adopted in its entirety for the reasons stated therein.  (*Id.*)  Indeed, Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even a de novo review.

The Court adds six brief points.  First, as a threshold basis for adopting the Report-Recommendation, the Court relies on the fact that, despite having received adequate notice of the consequences of failing to properly oppose Defendants' motion (*see* Dkt. No. 34), Plaintiff failed to file (1) a Response to Defendants' Rule 7.1 Statement of Material Facts, and (2) an opposition memorandum of law.  (*See generally* Dkt. No. 38.)[6]  As a result, (1) the properly supported factual assertions contained in Defendants' Rule 7.1 Statement are deemed admitted by Plaintiff,

---

[6] While Plaintiff has filed a document purporting to be a "statement of material facts," that statement does not contained denials of the factual assertions contained in Defendants Rule 7.1 Statement in matching numbered paragraphs followed by citations to the record, as required by Local Rule 7.1(a)(3).  (Dkt. No. 38, Attach. 2.)  The same is true with regard to the purported "affidavit" filed by Plaintiff.  (Dkt. No. 38, at 2-3.)  Moreover, while Plaintiff has filed a document purporting to be a "memorandum," that document merely repeats the factual assertions contained in Plaintiff's other submissions, and does not contain any legal arguments or citations to any legal authorities (or even a table of contents), as required by Local Rule 7.1(a)(1).  (Dkt. No. 38, Attach. 1.)  Rather, that document purports to be certified, like a declaration.  (*Id.*)

and (2) the facially meritorious legal arguments contained in Defendants' memorandum of law are deemed consented to by Plaintiff. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 452-54 (N.D.N.Y. 2009) (Report-Recommendation of Lowe, M.J., adopted by Suddaby, J.). These factual assertions and legal arguments clearly warrant the granting of partial summary judgment in Defendant Allen's favor.

Second, in the alternative, even if the Court were to proceed to a sua sponte scouring of the record in search for a genuine dispute of material fact, the Court would find no such genuine dispute. The Court notes that Plaintiff's insertion of the note "28 U.S.C. 1746" beside his signature on various documents is not sufficient to transform those document into sworn declarations for purposes of a motion for summary judgment. (Dkt. No. 38, at 3; Dkt. No. 38, Part 1, at 1, 3.) *See also* 28 U.S.C. § 1746 (requiring that the certification state, in sum and substance, that "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."). Moreover, although Plaintiff's form Complaint is sufficient sworn to pursuant to 28 U.S.C. § 1746, that Complaint makes no mention of having exhausted his administrative remedies with regard to his failure-to-protect claim against Defendant Allen. (Dkt. No. 1.) Moreover, even if the Complaint did make mention of such a fact, the Court would reject that assertion as patently incredible, for the same reasons that Magistrate Judge Peebles recommends such an assertion in Plaintiff's response papers, under *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005).

Third, even if Plaintiff had adduced admissible record evidence establishing that he submitted a grievance regarding Defendant Allen, Plaintiff has not adduced admissible record evidence that it was *Defendant Allen* (as opposed to some other correction officer) who

7

interfered with the processing of that grievance. The Court notes that the second step of the Second Circuit's three-part exhaustion standard regards, in pertinent part, whether a defendant should be estopped from asserting failure to exhaust as a defense due to *his or her own* actions in preventing the exhaustion of plaintiff's remedies. "Generally, a defendant in an action may not be estopped from asserting the affirmative defense of failure to exhaust administrative remedies based on the actions (or inactions) of other individuals." *Murray v. Palmer*, 03-CV-1010, 2010 WL 1235591, at *5 & n.26 (N.D.N.Y. March 31, 2010) (Suddaby, J.) (collecting cases).[7]

Fourth, even if Plaintiff had adduced admissible record evidence that Defendant Allen had interfered with the initial processing of his grievance, Plaintiff had the ability, and indeed the duty, to appeal the IGRC's nonresponse (to his grievance) to the next level, including CORC, to complete the grievance process. 7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step."); *see also Murray,* 2010 WL 1235591, at *2 & n.4 [collecting cases].[8] Here, there is no admissible record evidence establishing that he did so.

Fifth, the Court rejects Plaintiff's attempt to raise the specter of a retaliation claim in his

---

[7] *See also Taylor v. Thames*, 09-CV-0072, 2010 WL 3614191, at *4 (N.D.N.Y. Sept. 8, 2010 ("[T]here is no allegation or argument that *Defendant* did anything to inhibit Plaintiff's exhaustion of remedies so as to estop Defendant from raising Plaintiff's failure to exhaust as a defense.") (Suddaby, J.) (emphasis in original); *McCloud v. Tureglio*, 07-CV-0650, 2008 WL 1772305, at *12 (N.D.N.Y. Apr. 15, 2008) (Report-Recommendation of Lowe, M.J., adopted by Mordue, C.J.) ("None of those documents allege facts plausibly suggesting that Defendant's own actions inhibited Plaintiff's exhaustion of remedies during the time in question.").

[8] The Court notes that there appears to be a conflict in case law regarding whether the IGRC's nonresponse must be appealed to the superintendent where the plaintiff's grievance was never assigned a grievance number. *Murray,* 2010 WL 1235591, at *2 & n.5 [citing cases]. After carefully reviewing this case law, the Court finds that the weight of authority appears to answer this question in the affirmative. *Id.* at *2 & n.6 [citing cases].

opposition to Defendants' motion for partial summary judgment as unduly prejudicial to Defendants, a gross waste of judicial resources, and a violation of both Fed. R. Civ. P. 15(a) and the Court's Pretrial Scheduling Order. *See Brown v. Raimondo*, 06-CV-0773, 2009 WL 799970, at *2, n.2 (N.D.N.Y. March 25, 2009) (Report-Recommendation of Treece, M.J., adopted by Suddaby, J.) ("The Court notes that opposition papers [on summary judgment motions] are not the proper vehicle to instill new causes of action or add new defendants."), *aff'd*, 373 F. App'x 93 (2d Cir. 2010).[9]

Sixth, and finally, in future such motions, defense counsel is respectfully advised to (1) cite and apply Second Circuit's the Second Circuit's three-part exhaustion standard (*see* Dkt. No. 41, at Part III.B.), and (2) serve the plaintiff with a copy of the Northern District's "Notification fo the Consequence of Failing to Respond to a Summary Judgment Motion" (*see* http://www.nynd.uscourts.gov/documents/Notification_Consequences_Failure_to_Respond_to_ Summary_Judgment_Motion_FINAL_000.pdf) rather than defendants' version of that notice.

---

[9] *See also Smith v. Greene*, 06-CV-0505, 2011 WL 1097863, at *3, n.5 (N.D.N.Y. Feb. 1, 2011) (Baxter, M.J.) ("[P]laintiff should not be allowed to assert any new claims at this stage of the case, particularly through his response to a summary judgment motion."), *adopted by*, 2011 WL 1097862 (N.D.N.Y. March 22, 2011) (Suddaby, J.); *Jackson v. Onondaga Cnty,* 549 F. Supp.2d 204, 219-20 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.) (finding that pro se civil rights plaintiff's complaint should not be effectively amended by his new allegations presented in his response to defendants' motion for summary judgment); *Shaheen v. McIntyre,* 05-CV-0173, 2007 WL 3274835, at *1, 9 (N.D.N.Y. Nov. 5, 2007) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.) (finding that pro se civil rights plaintiff's complaint should not be effectively amended by his new allegations presented in his response to defendants' motion for summary judgment); *Harvey v. New York City Police Dep't*, 93-CV-7563, 1997 WL 292112, at *2 n.2 (S.D.N.Y. June 3, 1997) ("To the extent plaintiff attempts to assert new claims in his opposition papers to defendants' motion, entitled 'Notice of Motions in Response and Opposing Defendant'(s) Summary Judgment Motions,' the Court finds that 'it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment' and accordingly disregards such claims.") (citing *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111, 119 [S.D.N.Y.1997]).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 41) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 34) is **GRANTED,** such that Plaintiff's failure-to-protect claim against Defendant Allen is **DISMISSED,** and the clerk is directed to terminate Defendant Allen from this action and that at the conclusion of this case that judgment be entered in Defendant Allen's favor; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a final pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule for trial Plaintiff's excessive force claim against Defendants Menard, Hayes, Russell, Martin and Moak.  The parties are directed to appear at the final pretrial conference with settlement authority.

Dated: September 12, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge